# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| STEVEN RYALS, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | Case No. CIV-10-801-M |
| ERIC FRANKLIN, Warden, | ) |  |
| Respondent. | ) |  |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pursuant to an order entered by Chief United States District Judge Vicki Miles-LaGrange, this matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). A response to the petition has been filed, to which Petitioner has replied. Thus the matter is at issue and ready for disposition. For the following reasons, it is recommended that the petition be denied.

## I. BACKGROUND

By this action, Petitioner attacks a prison disciplinary conviction for possession of a sharpened instrument. Petition, 1. Petitioner claims that he received a misconduct offense report on September 11, 2009, after a six-inch "poker" was found on August 15, 2009, in one of the vents in a cell he shared with another inmate. Petition, 1. He claims that his cell mate admitted that the "poker" was his, and pleaded guilty to a misconduct offense. Petition, 1-2. Petitioner contends that unit manager Greg Brooks recommended that the misconduct offense be dismissed, but that later "they brought the misconduct back to me for some unknown

reason." Petition, 2. Petitioner was found guilty on September 21, 2009, and received 30 days disciplinary segregation, loss of 365 earned credits, and a decrease to classification level one for 90 days. Id. and att. Doc. 1-1, p.9.[1] Petitioner appealed to the facility head, who affirmed the offense conviction. Petition, 2. Petitioner then appealed to the administrative review authority, who concurred with the facility head and affirmed. Id. Petitioner then filed a petition for judicial review in the District Court of Oklahoma County. Petition, 1; Case No. CJ-2009-10849, District Court of Oklahoma County (att. to Petition, Doc. No. 1-1, p. 17). The state district court denied the petition, and the Oklahoma Court of Criminal Appeals affirmed. Petition, 2; see Doc. Nos. 1-2, p. 21, 25.

Petitioner offers two grounds in support of his petition. In the first ground, he claims there was no evidence proving he was ever in possession of a sharpened instrument in that his cell mate took full responsibility and pleaded guilty, and the prison never proved that he had knowledge and access necessary to show constructive possession. Petition, 2-3. In a very similar second ground for relief, Petitioner claims that the incident report cited by the disciplinary hearing officer does not constitute evidence because it does not state that Petitioner was ever in possession of the sharpened instrument found during the cell search. Petition, 3-4. Doc. No. 1-1, p. 9.

In response, Respondent claims that a finding that there is "some evidence" supporting

---

[1]Petitioner has attached the misconduct offense materials to his petition, but has failed to provide any way to reference them. Accordingly, the undersigned will refer to the Court's electronic docket number for the attachments referenced herein.

the disciplinary conviction does not require examination of the entire record, independent assessment of witness credibility, or weighing of the evidence. Response, 5. Instead, the test is whether there is any evidence that could support the conclusion reached. Id. Under this standard, Respondent contends there is "some evidence" supporting the conviction; thus, constitutionally adequate due process was extended to Petitioner. Response, 5-6. Respondent argues that due process has never been construed to require an error-free proceeding. Id. at 7-8. Although not in particular response to any argument raised by Petitioner herein, Respondent also contends that the policies and procedures of the Oklahoma Department of Corrections (ODOC) do not confer any rights upon inmates. Response, 10.

## II. DISCUSSION

In Oklahoma, state law creates a liberty interest in earned credits. See Okla. Stat. tit. 57, § 138(A); see also Waldon v. Evans, 861 P.2d 311, 313 (Okla. Crim. App. 1993) ("the State has created a liberty interest in earned credits"). As a result, inmates who earn sentence credits are entitled to due process protection before such credits may be taken away. Mitchell v. Maynard, 80 F.3d 1433, 1444 (10th Cir. 1996) (inmate's liberty interest in earned credits cannot be denied without the minimal safeguards afforded by the Fourteenth Amendment's Due Process Clause). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To meet the due process standard in an institutional disciplinary proceeding, an inmate must receive (1) advance written notice of the disciplinary charge; (2) an opportunity, consistent with the institutional

safety and correctional goals, to present witnesses and documentary evidence; and (3) a written statement of the evidence relied on and the reasons for any disciplinary action. Superintendent v. Hill, 472 U.S. 445, 454 (1985). If these requirements are met, and there is "some evidence" to support the decision, then procedural due process has been provided. Id. The decision can be upheld even if there is only "meager" evidence supporting the decision. Id. at 457; Mitchell, 80 F.3d at 1445. "Ascertaining whether this [Hill] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. Hill, 472 U.S. at 455-56.

As noted, it is Petitioner's contention that his cell mate admitted that the shank belonged to him and there was no evidence showing Petitioner's constructive possession of the instrument. Petition, 2-3. However, the undersigned finds that the statement of correctional officer Walls – upon which the disciplinary hearing officer relied in finding Petitioner guilty – is "some evidence" to support the finding of guilt. Officer Walls' report shows that he conducted a search of the cell Petitioner shared with another inmate and that he found a "poker" in the top vent. Petition, att. Doc. 1-1, p. 3. "The proposition that constructive possession provides 'some evidence' of guilt when contraband is found where only a few inmates have access is unproblematical." Howard v. U.S. Bureau Of Prisons, 487 F.3d 808, 812 (10th Cir. 2007) (quoting Hamilton v. O'Leary, 976 F.2d 341, 345 (7th Cir.1992)). Additionally, inmates may possess items jointly. See Giles v. Hanks, No.

4

02-3165, 72 Fed.Appx. 432, 433-34 (7th Cir. June 25, 2003)² (Even if one occupant of a cell concedes ownership of contraband the other occupant may be held accountable, because two individuals may exercise joint possession) (citing United States v. Alanis, 265 F.3d 576, 592 (7th Cir.2001)). Furthermore, Petitioner's cell mate's admission of ownership of the shank does not rule out a finding of Petitioner's constructive possession. See Mason v. Sargent, 898 F.2d 679, 680 (8th Cir.1990) (prisoner held accountable for contraband found in shared locker, even after cell mate admitted to placing the contraband there). Petitioner is essentially asking the Court to reweigh the evidence considered by the disciplinary hearing officer, which included the statement of Petitioner's cell mate. This case is factually similar to Miskovsky v. Franklin, No. 08-6005, 285 Fed. Appx. 570 (10th Cir. Aug. 4, 2008). In Miskovsky, the petitioner was charged with a prison misconduct after two box blades and a screwdriver tip were discovered in the light fixture of the cell petitioner shared with another inmate. Id. at 571. Despite evidence that the cell mate allegedly confessed to possession of the items, the Court upheld the disciplinary conviction, citing among other reasons the presumption of constructive possession. Id.

Petitioner's claim that the incident report of correctional officer Walls was insufficient because it did not state that he ever possessed the shank is also unavailing. The statement of Walls shows that the sharpened instrument was found in an air vent during a search of Petitioner's cell. Doc. No. 1-1, p. 3. This statement is enough to support an inference of

---

²This and any other unpublished disposition are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Petitioner's constructive possession of the instrument that was found in a cell he shared with one other inmate. Accordingly, it is "some evidence" of Petitioner's guilt.

In his reply, Petitioner states that his former cell mate has since received another misconduct for possession of a sharpened instrument. Reply, 1. He claims that this proves that his former cell mate has a history for possessing sharpened instruments, whereas Petitioner has no "violent charges." This does not change the recommended disposition for two reasons. First, it appears to be something that happened after Petitioner's misconduct conviction – so logically could not have been considered by the disciplinary hearing officer. Second, even if such were true at the time of Petitioner's disciplinary conviction, Petitioner is in effect asking the Court to make its own determination as to the weight of the evidence. However, this Court's inquiry is limited to the question of whether the requirements of due process were satisfied. If there is some evidence supporting Petitioner's disciplinary conviction, the Court's consideration of the evidence is complete for due process purposes.

Also in his reply, Petitioner states for the first time that he pleaded guilty to possession of altered scrub shirts in exchange for dismissal of the contraband charge. Reply, 2. He states that ODOC policy prohibits charging an inmate for more than one infraction stemming from the same incident. Reply, 2-3. Even if this were the policy at ODOC, violation of that policy does not in and of itself constitute a violation of constitutional due process. See Sandin v. Conner, 515 U.S. 472, 481-82 (1995).

## **RECOMMENDATION**

In light of the foregoing, the undersigned recommends that Petitioner's petition for

a writ of habeas corpus be denied. Petitioner is advised of the right to object to this Report and Recommendation by October 4, 2010, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72, by filing objections with the Clerk of Court. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all matters referred to the undersigned Magistrate Judge.

**ENTERED THIS 14th day of September, 2010.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE